UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| LARISSA REYNOLDS, | ) CV 13-0894-SH |
| | ) |
| Plaintiff, | ) MEMORANDUM DECISION |
| v. | ) |
| CAROLYN W. COLVIN, Commissioner, Social Security Administration, | ) |
| Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's application for Disability Insurance Benefits and Supplemental Security Income. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed their pleadings. The plaintiff has also filed a Brief with

1

Points and Authorities in Support of the Complaint, and the defendant has filed a Brief in Support of its Answer as well as the certified Administrative Record. After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and remanded.

## I. BACKGROUND

The plaintiff Larissa Reynolds has filed applications for Supplemental Security Income payments under Title XVI of the Social Security Act. In her application, Ms. Reynolds alleged she was disabled beginning on October 12, 2008. (See Administrative Record ["AR"] 154). The Commissioner denied her application. (See AR 71-75, 79-84). A hearing on the claim was conducted on December 2, 2011. (See AR 29-68). On January 27, 2012, the Administrative Law Judge ("ALJ") issued an unfavorable decision. (See AR 7-28). Upon Ms. Reynolds' request to review the ALJ's decision, the Appeals Council denied review on March 20, 2013. (See AR 1-3).

Plaintiff makes two challenges to the ALJ's Decision. She alleges the ALJ erred by failing to properly consider (1) the treating physician's findings, and (2) the consultative examiner's opinion. Because the ALJ did not properly review the consultative examiner's opinion, it is unnecessary to address the propriety of the ALJ's review of the treating physician's findings.

## II. DISCUSSION

Carmickle v. Comm'r of Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) held in relevant part:

> The ALJ is responsible for resolving conflicts in the medical record. Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir.2003). Those physicians with the most significant clinical relationship with the claimant are generally entitled to more weight than those

physicians with lesser relationships. Lester, 81 F.3d at 830[1]; 20 C.F.R. §§ 404.1527(d), 416.927(d). As such, the ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on "clear and convincing reasons." Lester, 81 F.3d at 830–31. Where such an opinion is contradicted, however, it may be rejected for "specific and legitimate reasons that are supported by substantial evidence in the record." Id.

At the request of the Commissioner of Social Security, Dr. Ezzat Abdelmalek performed a Complete Psychiatric Evaluation of Ms. Reynolds. The ALJ's findings concerning Dr. Abdelmalek's evaluation are excerpted in relevant part below:

> Based on examination, Dr. Abdelmalek diagnosed the claimant with anxiety disorder but ruled out bipolar disorder. Dr. Abdelmalek assessed a GAF code of 50, indicating serious symptoms or difficulty functioning. Dr. Abdelmalek opined the claimant's ability to understand, remember, and perform simple tasks was fair. Her ability to perform activities of daily living was fair. Dr. Abdelmalek opined the claimant's ability to understand, remember, and perform complex tasks was *poor*. *Her ability to maintain focus and concentration was poor. Her ability to interact with the public, coworkers, and supervisors was poor.* Her ability to comply with job rules, such as safety and attendance was *poor*. Her ability to respond to work pressure in a usual work setting was *poor*. Dr. Abdelmalek opined the claimant's ability to respond to changes in a routine work setting was *severely impaired*. (emphasis added)
>
> (See AR 20)
>
> * * *
>
> In determining the claimant's mental residual functional capacity, the undersigned has given *great weight* to the opinion of the psychiatric consultative examiner, Dr. Abdelmalek. Generally, more weight is given to an opinion from a source who has examined the claimant than

---

[1] Lester v. Chater, 81 F.3d 821 (9th Cir.1996).

>  to the opinion of a non-examining source, if that opinion is no inconsistent with the overall evidence of record (20 CFR 416927(4)(d)(1)). Dr. Abdelmalek opined the claimant's ability to perform [daily activities] was fair. Her ability to maintain concentration was poor. Her ability to interact with coworkers, supervisors, and the public was poor. This is consistent with the limitations assessed in the "paragraph B" criteria. Dr. Abdelmalek's assessment is also consistent with the claimant's own statements of record. (emphasis added) (See AR 21-22).

While giving Dr. Abdelmalek's opinion "great weight", the ALJ instead made the following findings:

> The claimant has the residual functional capacity to perform medium work, … is able to sustain attention and concentration, persistence and pace …, can interact appropriately with co-workers, supervisors, and the general public, … is limited to a work environment involving casual and non-intense interaction with the general public, … [and] is limited to simple routine and repetitive tasks.

(See AR 14-15).

Despite the ALJ's characterization of the "great weight" given to Dr. Abdelmalek's opinion, the ALJ has essentially rejected the vast majority of Dr. Abdelmalek's psychiatric assessments. If the ALJ has rejected Dr. Abdelmalek's consultative opinion, as she has here, Then Carmickle requires that there must be specific reasons why it was rejected. See Carmickle, 533 F.3d at 1164. The ALJ's decision fails to provide the requisite specificity required under Carmickle. The court, therefore, reverses the ALJ's decision and remands with direction to the ALJ to make the proper findings regarding Dr. Abdelmalek's opinion consistent with this decision.

## ORDER

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings in accordance with this decision, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

DATED: February 19, 2014

_____
STEPHEN J. HILLMAN
United States Magistrate Judge